**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THIERNO ABASS BALDE,<br><br>Petitioner,<br><br>v.<br><br>CRAIG LOWE, *Warden of Pike County Correctional Facility*,<br><br>Respondent. | No. 4:26-CV-02188<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 5, 2026**

Thierno Abass Balde has been detained for approximately one year; until April of 2026, the Government refused to provide him with a bond hearing.[1] In January of 2026, Balde filed a 28 U.S.C. § 2241 petition with the United States District Court for the Western District of Pennsylvania and, in April of 2026, the Honorable Stephanie L. Haines ordered that Balde be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a).[2] In accordance with that order, on April 10, 2026, an immigration judge ("IJ") held a bond hearing and denied bond for Balde.[3]

Balde now requests that this Court order him released from custody based on the allegedly deficient bond hearing provided to him, and due to the purportedly

---

1 Doc. 1 at 2; Doc. 1-1 at 6; Doc. 8 at 4.
2 *Balde v. Oddo*, No. 3:26-CV-00087-SLH, ECF Nos. 1, 13, 14 (W.D. Pa., Jan. 22, 2026; Apr. 8, 2026) (hereinafter "*Balde*").
3 Doc. 7-3.

excessive duration of his confinement.[4] While the Court is not unsympathetic to Balde's situation, the record indicates that he has received the due process to which he is entitled. Balde received a bond hearing less than six months ago, and that hearing was deemed sufficient by a federal judge. Moreover, while there may be a point at which Balde's detention without a second bond hearing will become unnecessarily prolonged, that point has not yet been reached. Consequently, Balde's 28 U.S.C. § 2241 petition will be denied.

## I. BACKGROUND

Balde is a citizen of the Republic of Guinea who entered the United States of America in December of 2023 and was thereafter released from ICE custody.[5] On September 15, 2025, Balde was arrested by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"); he has remained in ICE custody since that date.[6] Balde is currently detained at the Pike County Correctional Facility, located within the Middle District of Pennsylvania.[7]

In January of 2026, Balde filed a 28 U.S.C. § 2241 petition in the Western District of Pennsylvania challenging his continued detention without a bond hearing under 8 U.S.C. § 1225(b).[8] Judge Haines held that Balde was entitled to a bond

---

4 *See* Doc. 1.
5 Doc. 1-1 at 38.
6 Doc. 1 at 2.
7 *Id.*
8 *Balde*, ECF No. 1 (Jan. 22, 2026).

hearing pursuant to 8 U.S.C. § 1226(a) and directed the Government to provide him with such a hearing or release him from custody.[9] Two days later, on April 10, 2026, an IJ held a bond hearing and denied bond for Balde.[10] The IJ's order denying bond is quite cursory, stating only that bond was denied because Balde "is a flight risk, and no amount of bond will mitigate his risk of flight."[11]

Thereafter, on April 27, 2026, Balde filed a motion to enforce the judgment in his case before the Western District of Pennsylvania.[12] Judge Haines denied that motion, finding that it had "no merit."[13] Despite Balde arguing that the IJ "merged the bond proceeding with [Balde's] removal case," Judge Haines concluded "that is not what the IJ did," as the IJ segregated the two proceedings.[14] Judge Haines also wrote that "[w]ith respect to [Balde's] remaining arguments, the Court holds that they are essentially disagreements with the discretionary decision of the IJ, disagreements that this Court is statutorily-barred from adjudicating."[15]

On August 3, 2026, Balde filed this 28 U.S.C. § 2241 petition.[16] Balde argues that his detention has become unreasonably prolonged, violating his due process rights as well as the Eighth Amendment to the United States Constitution.[17] Balde

---

9 *Id.* ECF No. 13 (Apr. 8, 2026).
10 Doc. 7-3.
11 *Id.* at 2.
12 *Balde*, ECF No. 16 (Apr. 27, 2026)
13 *Id.*, ECF No. 19 (June 8, 2026).
14 *Id.*
15 *Id.*
16 Doc. 1.
17 Doc. 1-1 at 19-32; Doc. 8 at 10-11.

also contends that the bond hearing that he received was constitutionally inadequate.[18] The Government responds that Balde's complaint must be dismissed, as he previously raised arguments related to the bond hearing before Judge Haines, and those contentions were rejected, meaning he cannot reraise them now.[19]

Balde has filed a reply brief, rendering this matter ripe for disposition.[20] For the reasons discussed below, the petition will be denied.

## II. DISCUSSION

Balde brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[21] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[22] Balde's claim is therefore properly brought in this petition.

However, as an initial matter, any claim related to the sufficiency of the IJ's bond hearing must be dismissed under the abuse of the writ doctrine. When an

18 Doc. 1 at 5; Doc. 1-1 at 11, 17-18; Doc. 8 at 3, 11-12.
19 Doc. 7 at 3-5.
20 Doc. 8.
21 28 U.S.C. § 2241(c)(2).
22 *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

individual has filed more than one petition for a writ of habeas corpus, the abuse-of-the-writ doctrine may bar consideration of any claims that were previously raised.[23] When applying that doctrine,

> a court may grant controlling weight to a denial of a prior application for habeas corpus when three criteria are met: (1) the same ground presented in the successive application was determined adversely to the applicant on the previous application; (2) the previous determination was made on the merits; and (3) "the ends of justice" would not be served by reaching the merits of the subsequent application.[24]

Several courts have applied that doctrine to immigration detainees who file a second § 2241 petition.[25]

Balde previously raised in the Western District claims related to the constitutional sufficiency of his bond hearing. Those claims were rejected on their merits. Therefore, to the extent that Balde seeks to raise those claims here, they were both previously raised and determined adversely to Balde on the merits. Additionally, there is no indication that the ends of justice would be served by reaching the merits of any such claims here. Accordingly, to the extent that Balde attempts to argue again that his bond hearing was constitutionally infirm, such a claim is foreclosed and will not be considered here.[26]

---

23 *Furnari v. U.S. Parole Comm'n*, 531 F.3d 241, 250 (3d Cir. 2008).

24 *Id.* (quoting *Sanders v. United States*, 373 U.S. 1, 11, (1963)).

25 *E.g.*, *Acosta Cubides v. Warden of the Prairieland Det. Ctr.*, No. 3:26-CV-2052-B-BK, 2026 WL 2065876, at *1 (N.D. Tex. June 25, 2026), *report and recommendation adopted*, No. 3:26-CV-2052-B-BK, 2026 WL 2065097 (N.D. Tex. July 16, 2026) (collecting cases).

26 The same reasoning applies to the extent that Balde's petition may be interpreted as arguing that his total length of detention should be analyzed without consideration of his bond hearing. Judge Haines examined Balde's bond hearing and determined that the hearing satisfied the

Balde argues[27] that his detention has exceeded six months without his removal being likely in the reasonably foreseeable future and, accordingly, he is entitled to release pursuant to *Zadvydas v. Davis*.[28] Federal law provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."[29] During the removal period "the Attorney General shall detain the alien."[30] The statute further provides that most individuals "may be detained beyond the removal period."[31]

However, authorizing unlimited detention presents constitutional concerns and, accordingly, in *Zadvydas v. Davis*, the Supreme Court of the United States held that the removal statute "contain[s] an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."[32] The Supreme Court further held that detention of up to six months is presumptively reasonable.[33] The expiration of that six-month period "does not mean that every alien not removed must be

---

requirements of the Due Process Clause. This Court will not disturb that determination. Therefore, the Court must examine the constitutionality of Balde's continued detention based upon the date of his bond hearing. *See Viantsko v. Lowe*, No. 4:26-CV-00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026) (timeframe used to determine whether detention has become unduly lengthy "must . . . be tethered to the length of time since a detainee previously received a bond hearing").

27 Doc. 1-1 at 29-30.
28 533 U.S. 678 (2001).
29 8 U.S.C. § 1231(a)(1)(A).
30 *Id.* § (a)(2)(A).
31 *Id.* § (a)(6).
32 533 U.S. at 682.
33 *Id.* at 701.

released."[34] Rather, "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[35] Consequently, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[36]

Any argument pursuant to *Zadvydas*, however, fails because Balde is not being held pursuant to a final order of removal.[37] Rather, Balde appealed his order of removal to the Board of Immigration Appeals.[38] *Zadvydas* is therefore not applicable here.

As to whether Balde is entitled to a second bond hearing under § 1226(a), the Third Circuit in *Borbot v. Warden Hudson County Correctional Facility* considered an argument that, after receiving a bond hearing that ended unfavorably, and after "the IJ denied [a] request for a redetermination hearing, about a year into [an individual's] detention, [the individual] was entitled to a second bond hearing, this time with the government bearing the burden of proof."[39] The "sole basis" for the appellant's due process challenge was the duration of his confinement.[40]

---

[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *See* Doc. 1-1 at 53-54 (notice of appeal of order of removal).
[38] *Id.*
[39] 906 F.3d 274, 276-77 (3d Cir. 2018).
[40] *Id.* at 276.

The Third Circuit rejected that challenge, finding no authority "to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."[41] That court distinguished prior cases related to 8 U.S.C. § 1226(c), finding that "the reasonableness inquiry [performed in those cases] is inappropriate in the context of § 1226(a)."[42] In § 1226(c) cases, "due process entitles . . . detainees to a bond hearing at some point, with the exact time varying with the facts of the case," whereas there the appellant "was afforded a prompt bond hearing, as required by § 1226(a) and its implementing regulations."[43]

Given that the individual had been "granted meaningful process prior to filing his habeas petition," there was no due process concern presented in *Borbot*.[44] The Third Circuit, however, noted its concern "that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged, whether by virtue of government delay or some other cause."[45] But because the appellant had failed "to identify a basis in the record to demonstrate that this is such a case," it declined to decide "decide when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing."[46]

---

41 *Id.* at 277.
42 *Id.* at 278.
43 *Id.*
44 *Id.* at 279.
45 *Id.* at 280.
46 *Id.*

That language in *Borbot* has led to conflicting decisions within this Circuit as to whether an individual may be entitled to a second bond hearing sooner than the roughly two-year timeframe analyzed in *Borbot*.[47] Even assuming, however, that *German Santos*, rather than *Borbot*, is controlling, Balde's claim fails.

In determining whether detention has become unconstitutionally lengthy, the Third Circuit has set forth several factors to consider, including: (1) the "duration of detention"; (2) "whether the detention is likely to continue"; (3) "the reasons for the delay"; and (4) whether the "conditions of confinement are 'meaningfully different' from criminal punishment."[48] When those factors indicate that detention has become unreasonably lengthy, an individual "has a due process right to a bond hearing, at which the Government must justify his continued detention by clear and convincing evidence."[49]

Balde received a bond hearing on April 10, 2026—less than six months ago.[50] Although this exceeds the minimum baseline of five months set by the Third Circuit

---

47 *Compare Onuwa v. Field Off. Dir.*, No. 26-2403 (MAS), 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (holding that, although such claims "may be available in an extreme case, even a two year detention period did not in and of itself warrant relief in light of the procedural mechanisms—including bond appeals and bond redeterminations in the immigration courts—available to section 1226(a) detainees"), *with Kurt v. Soto*, __ F.Supp.3d __, __, No. 26-CV-10238, 2026 WL 2690194, at *4-6 (D.N.J. Sept. 14, 2026) (concluding that *Borbot* does not control and the test employed in *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) is applicable to determine whether detention following a first bond hearing has become unconstitutionally prolonged).

48 *German Santos*, 965 F.3d at 211 (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015) brackets omitted)).

49 *Id.* at 206.

50 Doc. 1-1 at 47-48.

in *German Santos*, courts routinely find that detention "for just over a year does not, in itself, amount to an arbitrary deprivation of liberty or weigh in favor of habeas relief."[51] Given the relatively short duration of Balde's confinement, the first factor weighs heavily against granting this petition. The second factor weighs slightly in favor of Balde's petition. A final order of removal has been issued, but the appeal that Balde has filed with the BIA could languish for an extended duration.

The third factor is neutral, as there is no indication that any delays have been caused by "careless or bad-faith mishaps that [may be held] against the Government" nor any actions that could count against Balde.[52] The fourth factor weighs in Balde's favor, as he is housed in Pike County Correctional Facility "alongside convicted criminals . . . [and,] [d]espite its civil label, his detention is indistinguishable from criminal punishment."[53]

A weighing of those factors demonstrates that, even if *German Santos* applies, Balde's detention has not yet reached an unconstitutionally prolonged length given the fairly short duration of his confinement since his bond hearing. Consequently, his § 2241 petition will be denied at this time.

---

51 *Appiah v. Lowe*, No. 3:24-CV-2222, 2025 WL 510974, at *4 (M.D. Pa. Feb. 14, 2025) (collecting cases).
52 *German Santos*, 965 F.3d at 212.
53 *Id.* at 213.

## III. CONCLUSION

For the foregoing reasons, Balde's 28 U.S.C. § 2241 petition will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge